IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00769-FDW
(3:12-cr-00034-FDW-1)

| | |
|---|---|
| LEVARIC SAMUEL JOHNIKEN, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On July 20, 2012, Petitioner pleaded guilty pursuant to a written plea agreement to one count of possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count 1), and one count involving a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count 2). In Petitioner's presentence report (PSR), the probation officer noted the evidence compiled during the investigation into Petitioner's offenses supported a finding that the drug conspiracy involved at least 30.95 kg of cocaine. This amount was consistent with the parties stipulation in the plea agreement and resulted in a base offense level of 34 pursuant to § 2S1.1 of the U.S. Sentencing Guidelines Manual (USSG) (2012). After applying a two-level enhancement for conviction under § 1956 and adjusting for acceptance of responsibility, Petitioner's total offense level was 33 and when considered with his criminal

1

history category of III, Petitioner faced a Guidelines range of 168-210 months in prison. On September 23, 2013, Petitioner was sentenced to a term of 168-months' imprisonment and he did not appeal.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this collateral proceeding, Petitioner contends he is entitled to sentencing relief based on Amendment 794 to USSG § 3B1.2. (3:16-cv-00769-FDW, Doc. No. 1: Motion to Vacate). Amendment 794 amended the commentary to § 3B1.2 to address what the Commission considered was an inconsistent application of the mitigating role reduction for low-level offenders. In particular, the amendment added a non-exhaustive list for the court to consider when determining whether to apply the guideline and to what extent. See USSG § 3B1.2 cmt. n.3(C) (2015). The Commission made the amendment effective for defendants sentenced on or after November 1, 2015. Petitioner was sentenced in 2013, thus even his claim were not subject to dismissal for the reasons discussed below he still would not have benefitted from Amendment 794.

The Antiterrorism and Effective Death Penalty Act provides, in relevant part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Petitioner has brought his claim for sentencing relief as a motion pursuant to § 2255, however a claim for such relief is not cognizable in a § 2255 proceeding. Even if it is assumed that it was error for the Guidelines to not have included the provisions of the Amendment 794 when Petitioner was sentenced, such an error would not implicate the provisions of § 2255(a). In other words, such an error (1) would clearly not be unconstitutional; (2) would not affect the court's jurisdiction to impose Petitioner's sentence; and (3) would not result in a sentence in excess of the maximum allowed by law, which in Petitioner's case was life imprisonment on his drug conspiracy conviction. See, e.g., Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 2890 (2015) (noting ordinary errors in the guidelines are not cognizable in § 2255 proceedings); United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999); United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) (requiring "extraordinary circumstances" to present collateral attack under § 2255.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's claim for relief is not cognizable in a § 2255 proceeding; therefore the Motion to Vacate will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: November 10, 2016

Frank D. Whitney
Chief United States District Judge